UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EVAN EUGENE MOORE,

    Plaintiff

v.

KENNETH WILLIAMS, et al.,

    Defendants

Case No.: 3:24-cv-00249-CSD

**Order**

Re: ECF No. 31

Before the court is Plaintiff's motion for appointment of counsel. (ECF No. 31.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015).

In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

The court has considered the Plaintiff's motion, along with the complaint and other filings in this matter, and concludes that Plaintiff has not demonstrated exceptional circumstances justifying appointment of counsel. Plaintiff has not shown that he is likely to succeed on the merits or that he is unable to articulate his claims in light of the complexity of the legal issues involved. Rather, the issues involved in this case are not especially complex, and the challenges Plaintiff identifies are common to many inmates representing themselves in § 1983 cases alleging medical deliberate indifference. In addition, most of Plaintiff's concerns relate to his ability to present his case at trial. Whether this case will proceed to trial will depend on the court's ruling on any dispositive motions, which have yet to be filed. Therefore, Plaintiff's concern about his ability to present his case at trial does not, at this juncture, support appointment of counsel. The motion will therefore be denied.

## CONCLUSION

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 31) is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 3, 2025

_____
Craig S. Denney
United States Magistrate Judge